| | |
|---|---|
| 1 | SHEA & SHEA |
|   | A PROFESSIONAL LAW CORPORATION |
| 2 | MICHAEL M. SHEA (State Bar No. 38396) |
|   | MICHAEL M. SHEA, JR. (State Bar No. 126983) |
| 3 | MARK B. O'CONNOR (State Bar No. 126960) |
|   | NICOLE N. HANCOCK (State Bar No. 221457) |
| 4 | THE JAMES SQUARE BUILDING |
|   | 255 NORTH MARKET STREET, SUITE 190 |
| 5 | SAN JOSE, CA  95110 |
|   | Phone:  (408) 292-2434 |
| 6 | Fax   :  (408) 292-1264 |
| 7 | Attorneys for Plaintiffs |



IT IS SO ORDERED
Judge Edward J. Davila
5/19/2016

SUPERIOR COURT OF CALIFORNIA,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CORTES DIAZ, MARGARITA DIAZ and JESUS CORTES DIAZ as *guardian ad litem* for ITZEL CORTES DIAZ, individually, and as Successors in Interest of JOSE CORTES DIAZ, deceased | Case No.  C 12-05325 EJD |
| | **STIPULATION REGARDING TESTING OF CLEATS** |
| Plaintiffs, | |
| vs. | |
| DAWS MANUFACTURING COMPANY, INC., LOWE'S COMPANIES, INC., BETTER BUILT COMPANY, SNAP-ON INCORPORATED, KOBALT TOOLS, LOWE'S HIW, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | |

The parties have met and conferred and have agreed to stipulate as follows:

1.  Plaintiffs filed an action captioned <u>Jesus Diaz, et al. v. Daws Manufacturing Company, Inc. et al.</u>, Case No. C 12-05325-EJD, in the United States District Court in the Northern District of California alleging that Defendants manufactured or distributed defective toolboxes or plastic retention cleats.

2.  All parties affiliated in any manner with the above-referenced matter now desire to enter into a stipulation and agreement pertaining to materials testing that will be conducted on the subject plastic retention cleats and the subject toolbox.

3.      Now, therefore, the parties, through their undersigned counsel and attorneys of record, stipulate and agree as follows:

4.      It is hereby stipulated and agreed, by the parties hereto, that (A) the plastic retention cleats located on the passenger right side of Plaintiff, Mr. Jesus Diaz's vehicle; (B) the toolbox originally located on the right side and in the back of Mr. Diaz's vehicle that is currently in the back of Mr. James Lee's vehicle; and (C) the plastic retention cleats originally attached to the toolbox on the right side and that are located on or in the back of Mr. Diaz's vehicle be removed from evidentiary storage at Bracco's Towing, where the plastic retention cleats and toolbox previously described are presently located.

5.      Furthermore, after the plastic retention cleats and toolbox described in the preceding paragraph are removed from Mr. Diaz and Mr. Lee's vehicles located at Bracco's Towing, the plastic retention cleats and toolbox will be given to a designated representative that all parties consummating this stipulation will agree upon at a future date for further testing. The further testing will include materials testing to be conducted jointly by all of the parties consummating this stipulation and agreement in addition to each party's selected experts and consultants. The materials testing will be, in part, destructive in nature.  The date and time for the removal of the items herein described will be determined by mutual agreement by the parties to this agreement as further determined by the availability of any personnel from the CHP's office and/or Bracco's Towing.

6.      Finally, it is hereby stipulated and agreed, by the parties hereto, that until a future stipulation and agreement, the plastic retention cleats pertaining to the toolbox located on the left (driver's) side of Mr. Diaz' vehicle and the tool box that remains located on and in the Diaz vehicle's passenger compartment will remain in evidentiary storage.

7.      Counsel for defendants Daws Manufacturing, Inc. and Lowe's Home Centers, LLC, has advised that they have no objection to Plaintiffs' request.

8.      During the removal of the tool box from the back of Mr. Lee's vehicle, as specified in paragraph 4(b), the actual removal shall be recorded by video with a copy of the video provided to Mr. Baker in addition to any other counsel who should make a request for a copy.  Further, the

person who conducts the removal of the tool box shall provide a declaration under penalty of perjury as to the removal stating he or she did nothing to the truck other than remove the tool box, and that he or she observed no objects or discoloration in the portion of the truck in which he or she moved in the course of removing the tool box or where the tool box was situated. However, if the person does observe an object, objects and/or discoloration in the portion of the truck in which he or she moved in the course of removing the tool box or where the tool box was situated, he or she shall describe in the above-noted declaration what he or she saw and cause it to be videotaped. The description referred to in the preceding sentence shall as best as possible report quantity, size and color.

Dated: May 17, 2016     **SHEA & SHEA**

By: _____/s/_____
NICOLE N. HANCOCK
Attorneys for Plaintiffs Diaz

Dated: May 19, 2016     **MARANGA MORGENSTERN**

By: _____/s/_____
PHILLIP T.S. TUKIA
Attorneys for Defendant
DIVERSIFIED FASTENERS

Dated: May 13, 2016     **WIGGINS MARKS ROSENBLATT LLP**

By: _____/s/_____
TROY D. WIGGINS
Attorneys for Defendant
DAWS MANUFACTURING COMPANY, INC.; LOWE'S HOME CENTERS, LLC

Dated: May 12, 2016     **LAW OFFICES OF RANDY BAKER**

By: _____/s/_____
RANDY BAKER
Attorney for Defendant
JAMES FRANCIS LEE

Dated: May 17, 2016     **OFFICE OF THE DISTRICT ATTORNEY**

By: _____/s/_____
ANGELA BERNHARD
Deputy District Attorney